# Smith Katzenstein Jenkins LLP

January 27, 2023

*VIA CM/ECF*
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801

Re:  *Intercept Pharms., Inc., et al. v. Apotex Inc., et al.*, C.A. No. 20-1105-MN

Dear Judge Noreika:

Defendants Apotex Inc. and Apotex Corp. ("Apotex") respectfully request that the Court bifurcate from the trial scheduled to begin on February 27, 2023 in the above-referenced action all issues relating to Apotex's accused infringement of U.S. Patent No. 10,052,337 ("the '337 patent"). While the Apotex infringement dispute is limited in scope, it requires extensive technical presentations and considerations distinct from the main trial issues concerning patent invalidity. Bifurcation will streamline the trial, and resolution of the invalidity issues may focus or even moot the issue of infringement of the '337 patent entirely. Therefore, Apotex respectfully requests that the Court bifurcate the issue of Apotex's infringement of the '337 patent from the main trial starting on February 27, and set a one-day trial regarding infringement of the '337 patent at a later time that is convenient for the Court. Apotex has met and conferred with Plaintiffs in this case regarding this issue, and Plaintiffs have indicated that they oppose bifurcation.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision to order a separate trial is left to the sound discretion of the Court. *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). Courts in this District have previously bifurcated infringement and invalidity into separate trials in pharmaceutical patent cases. *See, e.g., Amgen Inc. v. Amneal Pharms. LLC*, 328 F. Supp. 3d 373, 377 (D. Del. 2018) (discussing the court's bifurcation of infringement and invalidity issues and holding separate bench trials on each). Here, bifurcating the issue of Apotex's infringement of the '337 patent from the main trial on invalidity of five patents including the '337 patent will assist the Court, as the trier of fact, in more efficiently resolving the disputed claims.

Plaintiffs originally brought this consolidated patent infringement action against Apotex and four other defendant groups asserting infringement of seven patents. Plaintiffs are currently asserting claims from five patents, including the '337 patent, against the three remaining defendants. A five-day trial in this case will begin on February 27, 2023 (D.I. 26). Apotex expects that, come trial time, the only substantive infringement issue in the entire case will be Apotex's unique non-infringement defense to the '337 patent. Therefore, the primary focus of the trial will be on the invalidity or unenforceability of the five asserted patents.

Bifurcation here will benefit the Court as it will focus both the facts and legal issues on invalidity only. The main trial would involve the anticipation, obviousness, inequitable conduct,

The Honorable Maryellen Noreika
January 27, 2023
Page 2

and 112 deficiencies of five patents that are roughly in three patent families covering different subject matter.  The Court will be busy evaluating the testimony of at least ten experts, and potentially some fact witnesses, regarding disparate scientific issues relating to the synthesis of a prior art compound, purification of the drug substance at issue, drug formulation, and methods of treating a disease state.  Apotex's non-infringement argument involves Plaintiffs' inability to show that Apotex meets the particle-size limitations of a handful of asserted claims of just the '337 patent.  Apotex will show that the two sets of analytical tests Plaintiffs performed on Apotex's product, which are different from the tests used to measure particle size in the '337 patent and in the prior art Defendants use to show invalidity, do not show that Apotex's product has the particle size or particle size distribution required by the claims of the '337 patent.  Apotex is the only defendant with this non-infringement argument, and the argument involves different scientific and legal issues than what the Court will evaluate in hearing evidence on invalidity.  Because Apotex's non-infringement position involves separate legal and scientific issues, and because infringement may ultimately be mooted by an invalidity finding, the Court should not expend judicial resources on this distinct issue during the main trial.

Bifurcation will also streamline the main trial.  First, at least four expert witnesses and two fact witness will either not be called in the main trial at all, or their testimony will be shortened.  Apotex will not need to call its non-infringement expert, Dr. Spiegelberg, or either of its fact witnesses.  In addition, the testimony of Plaintiffs' experts Drs. Byrn, Myerson, and Berkland at the main trial will be either unnecessary or significantly limited.  Second, because Apotex's product is not yet FDA approved, Apotex's non-infringement case will require a closed courtroom, which would cause delay and logistical issues with the main trial.  This is inconvenient to the Court and to the non-Apotex defendants.

Finally, and most importantly, resolution of the main trial may moot the issue of infringement of the '337 patent.  As mentioned above, other patents including the '337 patent are at issue in the main trial.  The resolution of the main trial will likely impact the continued viability of either the '337 patent infringement allegations or Apotex's defense to those allegations.  But the presentation of the evidence at the main trial also may impact how Apotex and the Plaintiffs view their respective arguments regarding infringement of the '337 patent.  Therefore, conducting the main trial on the invalidity of all six patents in advance of a separate trial on Apotex's alleged infringement of the '337 patent is likely to streamline or even moot that second trial.

Therefore, for the above reasons, Apotex respectfully requests that the Court bifurcate all issues relating to Apotex's infringement of the '337 patent from the main trial starting on February 27, 2023 to a later date at the convenience of the Court.  Apotex is available to discuss this request before or at the February 14 Pretrial Conference.

Respectfully submitted,

*/s/ Eve H. Ormerod*

Eve H. Ormerod (#5369)

cc: All Counsel of Record (via CM/ECF)