# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
302 351-9106
jtigan@morrisnichols.com

February 10, 2023

The Honorable Maryellen Noreika                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

          Re:    *Intercept Pharmaceuticals, Inc., et al. v. Apotex Inc., et al.*;
                 C.A. No. 20-1105 (MN) (Consolidated)

Dear Judge Noreika:

      Plaintiffs submit this letter in response to Defendant Apotex's January 27 request that the Court bifurcate the upcoming trial in this matter into two trials: one on invalidity and a second one on infringement (D.I. 314).  Plaintiffs respectfully ask the Court to deny Apotex's belated and unfounded request.

      Bifurcation—especially when requested on the eve of trial—is not appropriate here, and Apotex has not established otherwise.  *See Almirall LLC v. Taro Pharms. Indus. Ltd.*, No. 17-663-JFB-SRF, D.I. 138, at 2–3 (D. Del. Jan. 29, 2019) (denying a defendant's "eleventh-hour request for bifurcation" of infringement and validity) (Ex. 1).  Discovery is complete, the proposed Pretrial Order has been filed, the pre-trial conference is a few days away, and trial is scheduled to begin in a little more than two weeks. The parties are prepared to proceed on all issues now, and the five days allotted for trial is sufficient time to cover them. Indeed, Apotex concedes that a separate infringement trial would last just one day, which can easily be accommodated within the current trial schedule.

      There can be no serious claim to prejudice from Apotex in keeping to the single trial that the Court scheduled more than two years ago (*see* D.I. 26). Nor is there any "efficiency" savings in bifurcation here. Apotex does not dispute that all of the claims to which it disputes infringement are also at issue in Defendants' invalidity case. At the very least, both trials would have overlapping technical background and testimony. By contrast, Plaintiffs would be prejudiced and the Court would be burdened if there were two trials (and the second trial delayed to some as-yet undetermined time in the future). *See SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568 (D. Del. 2013) (explaining that "inevitable delay" of a final disposition and the "resulting prejudice" to a plaintiff "cannot be mitigated by any action short of denying the request for separate

The Honorable Maryellen Noreika
February 10, 2023
Page 2

trials"); *Victaulic Co. v. ASC Engineered Sols., LLC*, No. 20-887-GBW, 2022 WL 4748619, at *3 (D. Del. Oct. 3, 2022) ("The crux of ASC's position is that a two-day reduction in trial now could possibly obviate the need for a five-day trial a few months later. But this is far from demonstrating that bifurcation would conserve judicial resources.").

Apotex asserts that the "most important[]" reason for bifurcation is that resolution of the issue of validity "may moot" the issue of infringement. That possibility, however, is both "entirely speculative" and would apply equally to "all defendants in all cases" presenting issues of infringement and validity. *SenoRx*, 920 F. Supp. 2d at 570; *see Mellon v. Beecham Grp. PLC*, No. CIV. 86-2179(HAR), 1991 WL 16494, at *8 (D.N.J. Jan. 3, 1990) (discussing the court's denial of motion to bifurcate issues of infringement and validity). It says nothing about "why this case (as opposed to many other patent cases in this District) warrants two trials." *SenoRx*, 920 F. Supp. 2d at 572. Nor does this case "carry with it an undue amount of complication" such as might warrant separate trials. *Id.* at 571. Plaintiffs recently informed Defendants of narrowed claims they intend to assert at trial—to seven claims across four patents—and the parties are discussing narrowing of Defendants' invalidity theories.

For these reasons, Plaintiffs respectfully request that the Court deny Apotex's request to bifurcate the upcoming trial of this matter.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and e-mail)